| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| OSCAR LÓPEZ MARTÍNEZ<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Agencia Recurrida | TA2025RA00044 | Revisión procedente del Departamento de Corrección y Rehabilitación<br><br>Sobre: Evaluación del Programa de Pre-Reinserción |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2025.

Por considerarla tardía, el Departamento de Corrección y Rehabilitación ("Corrección" o la "Agencia") desestimó una solicitud de reconsideración de una denegatoria de una solicitud de participar en el Programa de Pre-Reinserción a la libre comunidad (el "Programa"). Concluimos, como se explica en detalle a continuación, que procede dejar sin efecto la determinación recurrida, pues, tal como Corrección bien admitió ante este Tribunal, la reconsideración se presentó oportunamente y, contrario a lo expuesto por Corrección como fundamento para denegar la solicitud de participar del Programa, el recurrente sí pagó la pena especial correspondiente.

I.

El Sr. Oscar López Martínez (el "Recurrente") solicitó a Corrección participar del Programa (la "Solicitud").

Mediante una comunicación notificada el 24 de enero de 2025 (la "Determinación"), la Secretaria Auxiliar de Programas y Servicios de Corrección denegó la Solicitud. Expuso que ello obedecía a que

el Recurrente no cumplía con "haber satisfecho la Pena Especial impuesta o poseer un plan de pago, conforme a la Ley Núm. 183-1998, según enmendada, conocida como Ley de Compensación de Víctimas de Delito".

El Recurrente solicitó la reconsideración de la Determinación. Expuso que, contrario a lo expuesto en la Determinación, él sí había pagado la referida pena especial. Acompañó copia del recibo de pago de la pena especial, efectuado en abril de 2014.

Mediante una Resolución notificada el 7 de mayo (la "Resolución"), Corrección desestimó la reconsideración sometida por el Recurrente, ello por considerar que la misma era tardía. Corrección aseveró que la reconsideración se "recib[ió]" el 27 de febrero de 2025, mas nada aseveró sobre cuándo el Recurrente entregó el documento para su envío.

El 29 de mayo, el Recurrente suscribió el recurso que nos ocupa[1]. Expone que la reconsideración fue depositada en el correo el 3 de febrero, por lo cual no debe considerarse tardía.

Luego de que solicitáramos la postura de Corrección, dicha agencia compareció el 21 de julio a través de la Oficina del Procurador General de Puerto Rico. Allí se admitió que la reconsideración fue oportuna, al haberse enviado el 3 de febrero, y que el Recurrente "realizó el pago de la pena especial". Solicitó que se "devuelva el caso a la agencia" para que se evalúen los méritos de la solicitud del Recurrente, pues la supuesta falta de pago de la pena especial fue "el único fundamento por el cual se le denegó la participación en el Programa" al Recurrente. Resolvemos.

II.

Surge claramente del récord que (i) fue errónea la Determinación, pues no hay controversia sobre el hecho de que el

---

[1] El Recurrente solicitó litigar in forma pauperis, lo cual hemos determinado autorizar.

Recurrente pagó la pena especial hace más de 10 años y (ii) erró Corrección al estimar que la reconsideración era tardía, cuando tampoco hay controversia sobre el hecho de que la misma fue entregada por el Recurrente de forma oportuna. Acertadamente, el Procurador General admite lo anterior.

Por tanto, y según lo solicitó el Procurador General, se deja sin efecto lo actuado por Corrección y se devuelve el caso a la agencia para que, de conformidad con los procesos reglamentarios aplicables[2], evalúe los méritos de la solicitud del Recurrente.

### III.

Por los fundamentos que anteceden, se revoca la determinación recurrida y se devuelve el asunto al Departamento de Corrección y Rehabilitación para que evalúe los méritos la solicitud objeto de dicha determinación a través del proceso administrativo aplicable.

Lo acuerda y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] En particular, según explica el Procurador General, ello conllevaría cumplir con "el procedimiento establecido en la OA-2023-03", entiéndase, "que el Técnico de Servicios Sociopenales prepare un informe y presente el caso ante el CCT, utilizando el formulario correspondiente para oficializar el referido" y que "refiera copia del mismo formulario al Negociado de Programas Especiales y de Rehabilitación para la investigación correspondiente, en conjunto con el Formulario establecido para el Plan de Salida."